## 11393

### INDEPENDENT GUANO CO. v. HINDMAN

#### (120 S. E., 837)

SALES—CHARGE ON ISSUE WHETHER SALE WAS MADE TO DEFENDANT OR TO HIS TENANTS AND AS TO BURDEN OF PROOF APPROVED.—In seller's action for the price of fertilizer, trial Court's charge, relating to the issue whether the fertilizers were sold to defendant or defendant's tenants and as to burden of proof, approved.

Before C. M. EFIRD, Special Judge, Greenville, February, 1923.    Affirmed.

Action by the Independent Guano Co. against C. C. Hindman.    Judgment for plaintiff and defendant appeals.

*Messrs. Martin & Blythe,* for appellant.

*Messrs. Hodges & Leatherwood, and Haynesworth & Haynesworth,* for respondent, cite: *Landlord's agreement to pay for fertilizer used by his tenants is an original undertaking,* 117 S. E., 732.

January 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action upon an account for fertilizers sold and delivered by the plaintiff to the defendant.    The defendant admits that he bought some of the fertilizer.    Some of the fertilizer was delivered to tenants of the defendant and his wife.    The defendant did not deny that the tenants received the fertilizer, but claimed that the sale was made to the tenants and not to himself.

The question in the case is: Who bought the fertilizer, the defendant or the tenants?

The jury found a verdict for the plaintiff for the full amount. From the judgment entered upon this verdict the defendant appealed. There are two exceptions, and are as follows:

"(1) Because his Honor erred in charging the jury as follows: 'If you find by the preponderance of the evidence that he became indebted for goods sold and delivered to himself, then the verdict should go against defendant; but for any goods sold and delivered to his tenants he could not be held responsible in the absence of some memorandum in writing signed by him, or unless he accepted some part of them, or gave something to bind the bargain, as provided in this act.'

"Specification: If the sale was made to the tenant or tenants, then such tenant or tenants would be the buyer or buyers, and the defendant would not be liable under the Statute, even though he should have accepted some part of the goods himself or admitted liability, therefor, as in this case he did admit the liability for certain portion of the goods as shown in the answer.

"(2) Because his Honor erred in charging the jury as follows: 'Now, gentlemen, in all cases the party who comes into Court and tenders an issue has the burden of proof; so on every material issue in this case the party who tenders it must prove it by the preponderance of the evidence, and it is your duty not to find any issue in favor of either party, unless he has proven it to your satisfaction by the preponderance of the evidence.'

"Specification: As charged, in effect, he imposed upon the defendant the necessity of proving to the satisfaction of the jury the negative of any issue raised by his denials before the jury could find in his favor on said issue."

His Honor charged the jury as follows:

"So, Mr. Foreman and gentlemen, if you conclude by the preponderance of the evidence on the first issue that a contract of sale was made and agreed upon, and that the minds of Mr. Patton and Mr. Hindman agreed and met upon a contract of sale as alleged in this complaint, and that in pursuance of that alleged contract the goods were sold and delivered as in the contract provided, and that there was an account stated as I have defined to you, then the defendant, Mr. Hindman, is liable for the amount alleged in that contract stated, with interest from the date at which you find the contract to have been stated and contracted. Now, gentlemen, on the issue of the books of account which have been admitted in evidence and shown to you, I charge you that the mere fact that goods are charged on books does not make the person so charged liable. In order to create liability, the entry must be made after a meeting of the minds of both parties on a contract of bargain and sale. That means simply this: That a merchant or man handling goods cannot go in the store and charge things of his own motion to you on the books and therefore say that you are liable for it, and come into Court and collect it, but the burden of proof is on him to show that before these entries were made on the books that there was some contract of bargain and sale between you two, and which was understood to be such between you. Now, if you come to the conclusion that the plaintiff has not made out his case as alleged in the complaint by the preponderance of the evidence, then you will go further and consider the issues raised by the second and third paragraphs of the defendant's answer. Now, the second paragraph is that this defendant admits that he bought from the plaintiff the following fertilizers, mentioning them, stating here by admission which you can read in your jury room, of an amount of $1,730.98; that the remaining fertilizers as shown in said bill are not due by this defendant, but, as this defendant is informed and

believes, were sold to the parties named therein, were charged to the parties named therein, that this defendant did not agree to pay for them, had no contract with reference to them, and is not liable in any way therefor, and is only due the plaintiff the sum of $1,730.98 above set forth. And also he sets up the further admission set out in the third paragraph of the complaint that, if a contract were entered into between plaintiff and defendant relating to the matters alleged in the complaint herein, said contract was not in writing, and therefore is void under the Statute of Frauds in this State. Now, with references to these defenses, the defense has handed me up the following requests to charge. I am going to give them with some interlineations, as will appear in the written copy.

"(1) 'The burden of proof is upon the plaintiff to satisfy the jury by the preponderance of the evidence that the defendant is due them money for goods sold and delivered to him or his agents for him.'

"I have so charged you. The plaintiff must make out his case by the preponderance or greater weight of the evidence, and, if he fails to make that out, then you pass on to these other issues."

It is seen that the presiding Judge squarely and clearly presented the issue, and the judgment is affirmed.